| | |
|---|---|
| CELIA MCGUINNESS, Esq. (SBN 159420) | ANTHONY GOLDSMITH, Esq (SBN 125621) |
| DERBY, McGUINNESS & GOLDSMITH, LLP | DERBY, McGUINNESS & GOLDSMITH, LLP |
| 300 Lakeside Drive, Suite 1000 | 21550 Oxnard Street, Suite 300 |
| Oakland, CA 94612 | Woodland Hills, CA 91367 |
| Telephone: (510) 987-8778 | Telephone: (818) 213-2762 |
| info@dmglawfirm.com | Email: info@dmglawfirm.com |

Attorneys for Plaintiff
NIKKI BROWN-BOOKER
WALTER DELSON

IN THE UNITED STATES DISTRICT COURT
IN AND FOR NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE BROWN-BOOKER and WALTER DELSON,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC., and PONTE GADEA CALIFORNIA LLC,<br><br>Defendants. | CASE NO.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a), *et seq.*]**<br><br>2. **Violation of the Disabled Persons Act [Cal. Civil Code §§ 54 And 54.1]**<br><br>3. **Violation of the Unruh Act [Cal. Civil Code § 51]**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Nichole Brown-Booker and Walter Delson ("Plaintiffs") have suffered from discrimination as persons with disabilities while patronizing the Apple store located 300 Post Street, San Francisco, California.  Defendants APPLE, INC. and PONTE GADEA CALIFORNIA LLC, (collectively "Defendants") discriminated against Plaintiffs by failing to construct and maintain accessible paths of travel and interiors and failing to remove other barriers to access as required by federal and State law.  Plaintiffs bring this lawsuit to enforce his rights under the Americans with Disabilities Act and supplementary State laws.  They seek an

order requiring Defendants to make the store and associated facilities accessible to them and other similarly situated. Plaintiffs also seeks damages, attorneys' fees, costs and litigation expenses.

**JURISDICTION**

1. This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq*. (the "ADA").

2. The Judicial District of the United States District Court for the Northern District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a). All the claims derive from a common nucleus of operative facts and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

**VENUE**

3. Venue in the Judicial District of the United States District Court for the Eastern District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within this Judicial District and the property that is the subject of this action is located in this District in the City of Sacramento, California.

**THE PARTIES**

4. Plaintiff Nicole Brown-Booker has a Master's Degree in Family Therapy and is a licensed psychotherapist. She is employed as a development officer for a philanthropic organization. She has had physical disabilities since childhood. At all times relevant to this Complaint, she requires a power wheelchair for mobility. At all times herein relevant, Plaintiff Nichole Brown-Booker was a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l). Her condition affects the following body systems: musculoskeletal, immune. Plaintiff's condition substantially limits major life activities, including

but not limited to standing, walking, and using her arms. Plaintiff cannot perform these activities in the same manner, speed and duration as the average person. Moreover, Plaintiff has a history of and/or has been diagnosed and/or classified as having a physical impairment. The State of California has issued her a permanent disabled parking placard.

5. Plaintiff Walter Delson has a Master's Degree in Rehabilitation Counseling and is employed as the Disaster Preparedness Coordinator for a local nonprofit entity. He has had paraplegia since he was fourteen years old. At all times herein relevant, Plaintiff Walter Delson was a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l). He is affected by paralysis that requires him to use a wheelchair for mobility. His condition affects the following body systems: Neurological and musculoskeletal. Plaintiff's condition substantially limits major life activities, including but not limited to standing and walking. Plaintiff cannot perform these activities in the same manner, speed and duration as the average person. Moreover, Plaintiff has a history of and/or has been diagnosed and/or classified as having a physical impairment. The State of California has issued him a permanent disabled parking placard.

6. The Apple store ("the Store") located at 300 Post Street, San Francisco, California, sells Apple-branded products and performs service on Apple-branded products.

7. Defendants Apple, Inc., Ponte Gadea California, LLC and each of them, are the owners, operators, lessees and/or lessors of the Store and its facilities as public accommodations open to the public under the laws of the United States and the State of California. During all times relevant to the Complaint, Defendants and each of them operate the Store as a business establishment under the laws of the State of California because they provide goods, services and/or facilities in exchange for money.

8. Defendants, and each of them, are and at all times relevant to the Complaint were, businesses or corporations organized and existing and/or doing business under the laws of the State of California. Based upon a review of public records, Plaintiffs are informed and believe and based thereon alleges, that Defendant Apple, Inc., is the owner and operator of the Store. Based upon a review of public records, Plaintiffs are informed and believe and based thereon

alleges, that Defendant Ponte Gadea California, LLC is the owner of the real property at that address.

9. Plaintiffs are informed and believes, and thereon alleges, that each Defendant was at all times relevant to the action, the owner, operator, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner or joint venturer of the remaining Defendant and were acting within the course and scope of that relationship.  Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein, including their managing agents and owners, gave consent to, ratified and/or authorized the acts alleged herein to each of the remaining Defendants.

## STATEMENT OF FACTS

10. Plaintiffs live and/or work near the Apple Store at 300 Post Street, San Francisco. Its location is convenient to them when they are in the Union Square area.  Plaintiff Brown-Booker visited the Store on or about October 22, 2016, November 6, 2016, and December 2019. Plaintiff Delson visited the Store on or about July 27, 2017, and September 3, 2017.  Each and every time they visited; they experienced the following problems:

- There is a walkway at the front of the Store that connects from the sidewalk along Post Street to Store entry through an operable wall system at the center of the Store. If the operable wall system is not open, Store entry is through the pair of double doors at each end of the store. Stairs at both the east and west end of the store block a direct accessible route of travel from Post Street to the entry doors and the accessible route of travel is via the walk along the front of the Store. The walk is less than the 48" width required by the California Building Code (the "CBC").  Both entrances require one to make very sharp turns to get inside. One of the entrances has unprotected steps that a person in a wheelchair could easily fall down while trying to get inside.
- The elevator is set into an alcove.  The call button for the elevator is in this recessed area, making it difficult to access. It does not have the clear floor space

- 4 -
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

required at the call button.

- Plaintiff Brown-Booker cannot use the women's restroom independently because the weight of the door too heavy for her to open.
- The interior and exterior doors are too heavy for either of the Plaintiffs to open independently.  The first time he visited, Plaintiff Delson had to wait in the hallway on the second floor for someone to come along and open the doors.  On his second visit, he did not even visit the second floor because he did not want to have to wait for help.  Each time she has visited, Plaintiff Brown-Booker has had to ask for assistance to go through the doors.

11.     Although the location is convenient and Plaintiffs are heavy users of Apple-brand products, each Plaintiff is deterred from visiting the Store until the barriers are removed.  In addition to their general avoidance of the store, Plaintiff was deterred from visiting the store between September 3, 2017 and July 2018; Plaintiff Brown-Booker was deterred from visiting the store on or about May 25, 2018, when she went past the store, considered going in to get a TV remote, but decided against it because of the barriers.  Before Christmas 2019, she wanted to buy a present there.  She went partway up the ramp but decided it was too dangerous because the surface was wet from rain and she could not take the risk.  As she was about to leave, a store employee saw her and opened an alternate door for her.  She thanked him and explained why she did not trust the safety of the ramp.

12.     On October 17, 2018, Plaintiffs through their counsel sent Defendant a letter explaining in detail the barriers they faced when visiting the store and the difficulty the barriers caused and requesting that Defendant remove the barriers.  As of the date of filing this Complaint, Defendant has not done so.

13.      Plaintiffs each have experienced difficulty, frustration, loss of enjoyment, embarrassment, and other kinds of distress because of the inaccessible condition of the store and its facilities, all to their general damages in an amount according to proof.   Each time one of them wants to visit, she or he must choose between going experiencing these barriers or staying away and being deterred from using them.

14. Based upon a review of publicly available documents, Plaintiffs are informed and believe and thereupon allege that the store and facilities was constructed for first use in or ad/or significantly remodeled about mid-2016. Therefore, the facilities were required to comply with construction regulations for disability access in California.

15. Moreover, based upon the national brand recognition of Apple corporation and the fact that they have been sued at least once in United States District Court resulting in a Consent Decree and Order to remediate barriers at another Apple store, Plaintiffs are informed and believe and thereupon allege that Defendants, and each of them, are sophisticated commercial business owners and operators, and/or sophisticated commercial real estate developers. They are familiar with the disability access requirements that apply to their facilities and have applied for decades. Based upon the fact that Defendants must have been aware of their obligations to their disabled patrons, yet built and allowed the barriers to access to remain, Plaintiffs allege that each Defendant's behavior is intentional: They each maintain discriminatorily inaccessible facilities and policies and practices of failing to maintain accessible features or accommodate their clientele with disabilities, in conscious disregard of the civil rights of Plaintiffs and others similarly situated.

**FIRST CLAIM**

**(For Violation of the Americans with Disabilities Act of 1990 Title III, 42 U.S.C. § 12182 *et seq*.)**

16. Based on the facts and allegations pled in the foregoing paragraphs (which Plaintiffs re-plead and incorporate herein by reference), Plaintiffs were denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA. At all times relevant to the Complaint, Plaintiffs are persons with a disability as defined in 42 U.S.C. § 12102. Each Defendant owns, leases and/or operates a public accommodation as defined in 42 U.S.C. section 12181(7).

17. The Americans with Disabilities Act states, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.A. § 12182(a).  The condition of Defendants' store and its facilities, and/or the manner in which Defendants provided services failed to provide full and equal access to Defendants' goods and services in public accommodations as required generally by the provisions of 42 U.S.C. sections 12182(a) and 12182(b)(1)(A).  Specifically Plaintiffs were subjected to discrimination in violation of 42 U.S.C. sections 12182(a), 12182(b)(2)(A)(iv), 12182(b)(2)(A)(v), 12182(b)(2)(A)(iii), and 12183 because Plaintiffs were denied equal access to and enjoyment of the subject property.

18.  Plaintiffs allege that the removal of each of the specific barriers that Plaintiffs encountered as set forth above, was at all times, "readily achievable" pursuant to the factors set forth in the ADA and the applicable regulations adopted by the United States Department of Justice under the ADA (said regulations being set forth in 28 CFR Part 36).  Further, assuming *arguendo* that Defendants were able to meet their burden of production and of proof that the removal of the defined architectural barriers (or any of them) was or is not "readily achievable," Defendants have failed conspicuously to make their goods, services, facilities, privileges, advantages and/or accommodations available through alternative readily achievable methods pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).  Additionally, Defendants have conspicuously failed to obey the provisions of section 28 CFR §36.211 requiring public accommodations to maintain features that are required to be accessible.

19.  Defendants also have failed "to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. section 12182(b)(2)(A)(ii).  Based on the facts and allegations pled herein, Defendants failed and refused to modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiffs and/or others similarly situated in enjoying and utilizing Defendants' services, facilities, privileges, advantages or accommodations, as required by the ADA.  Additionally, Defendants failed to adopt required policies and procedures to allow people

with disabilities to navigate the subject property effectively.

20. Plaintiffs are informed and believe and based thereon allege that Defendants have modified and altered the Store and/or its facilities on or after January 26, 1992, in a manner that affects their usability and accessibility.

21. The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of public accommodations. In this regard, 42 U.S.C. section 12183(a)(2) as enforceable at the time of the incidents described herein prohibits:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced in 42 U.S.C. section 12183(a)(2). As enforceable at the time of the incidents alleged herein, section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

> (a) General.
>
> (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.
>
> (2) An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.
>
> (b) Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.
>
> (1) Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...

(2) If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel" accessibility work to be conducted in connection with certain alterations. That section, as enforceable at the time of the incidents alleged herein states, in pertinent part:

> (a) General. An alteration that affects or could affect the usability of or access to an area of a facility that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

Section 36.403(e) defines a path of travel as follows:

> (e) Path of Travel.
>
> (1) A 'path of travel' includes a continuous, unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.
>
> (2) An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.
>
> (3) For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

22. Based on the facts and allegations pled above, and the facts elsewhere in this Complaint, Plaintiffs have been damaged and will suffer irreparable harms unless Defendants are ordered to discontinue business at the Store or: (i) remove architectural and other barriers and otherwise obey the requirements of the ADA and (ii) adopt policies and procedures that comport with the requirements of the ADA with respect to the enjoyment of the facilities by guests with disabilities. Plaintiffs allege that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impact Plaintiffs and a substantial segment of the disability community. There is a national public interest in requiring accessibility in places of public accommodation. Plaintiffs have no adequate remedy at law to redress the discriminatory

conduct of Defendants.  Plaintiffs desire to fully-utilize Defendants' place of business but is unable to do so because of the barriers set forth herein.  Accordingly, a prohibitory or mandatory injunction is necessary to assure that Defendants comply with the applicable requirements of the ADA.

23. Other access barriers may exist at the subject property.  Plaintiffs will seek leave to amend this Complaint after a site survey of the premises by their access consultant, pursuant to the 9th Circuit's holding in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008).

WHEREFORE, Plaintiffs pray for damages and relief as hereinafter stated.

## SECOND CLAIM

**(For Violation of the Disabled Persons Act,
California Civil Code Sections 54 and 54.1)**

24. Based on the foregoing paragraphs (which Plaintiffs re-plead and incorporate herein by reference), Plaintiffs allege that Defendants have discriminated against Plaintiffs and violated Plaintiffs' rights under sections 54 and 54.1 of the California Civil Code.  At all times relevant to this Action, California Civil Code sections 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of their physical disabilities and that they shall have full and equal use of public facilities and other public places.

25. Section 54(a) of the California Civil Code states that individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics and physicians' offices, public facilities and other public places.

26. Plaintiffs are individuals with a disability as defined in California Government Code section 12926.

27. California Civil Code section 54.1 (a)(1) provides, in pertinent part, as follows:

> 54.1(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal

- 10 -
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

regulation, and applicable alike to all persons.

28. California Health & Safety Code section 19955 provides, in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part 'public accommodation or facilities' means a building, structure, facility, complex or improved area which is used by the general public... When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities they shall be made available for the handicapped.

29. California Health & Safety Code section 19956, which is in the same Chapter as section 19955, provides, in pertinent part: "All public accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code."

30. California Health & Safety Code section 19956 became operative on July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.

31. Plaintiffs are informed and believe and based thereon allege, that the subject property was constructed and/or has been substantially altered or modified and/or renovated after July 1, 1970, and based upon available records, most likely in 1984 or thereafter.

32. Pursuant to the authority delegated by Government Code section 4450, *et seq.*, the California State Architect promulgated regulations for the enforcement of the aforementioned provisions of the Health & Safety Code and the Government Code. Since July 1, 1970, the State Architect has developed and modified building regulations as set forth in the California Building Code ("CBC") and its antecedents.

33. Plaintiffs allege that the construction, alterations, remodeling and/or renovations were conducted in violation of the above provisions of California law and the CBC.

34. A violation of the above-referenced sections of the Health & Safety Code and the Title 24 regulations adopted thereunder constitutes a violation of the general anti-discrimination provisions Civil Code sections 54 and 54.1.

35. A failure to modify policies, practices and procedures to assist Plaintiffs and/or others similarly situated in enjoying and utilizing Defendants' services, facilities, or accommodations is a separate violation of the DPA.

36. Each violation of the Americans with Disabilities Act also constitutes a violation of sections 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.  Plaintiffs allege that they have been denied such full and equal access as required by California law which incorporates Title III of the ADA.

37. Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

38. These violations of Plaintiffs' rights have resulted in the denial to Plaintiffs of full and equal access to the subject property and the goods and services offered there and have caused Plaintiffs to suffer the damages and harms set forth and alleged in this Complaint.

39. The barriers to access complained of herein as well as the failures to adopt and modify policies and procedures are patent barriers to people with mobility disabilities and are of an obvious and intuitive nature and demonstrate intentional discrimination.  Defendants, and each of them, are familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by the ADA and State law.  Defendants intentionally allowed the barriers complained of herein to remain at the subject property, built additional barriers into the access ramp, and failed to adopt or modify policies and procedures to provide access to Plaintiffs and persons similarly situated. Plaintiffs' damages result from Defendants' intentional acts and omissions.

WHEREFORE, Plaintiffs pray for damages and relief as hereinafter stated.

///

///

///

**THIRD CLAIM**
**(For Violation of the Unruh Act,**
**Section 51 of the California Civil Code)**

40. At all times relevant to this action, section 51 of the California Civil Code has provided that persons shall not be discriminated against because of their disabilities. Based on the foregoing paragraphs (which Plaintiffs re-plead and incorporate herein by reference), Plaintiffs allege that Defendants have discriminated against Plaintiffs and violated Plaintiffs' rights under section 51 of the California Civil Code.

41. Plaintiffs are persons with a disability as defined by section 12926 of the California Government Code. Defendants are each a business establishment as defined by the Unruh Act.

42. California Civil Code section 51(b) provides, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever

43. Section 52(a) of the California Civil Code provides as follows:

> (a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

44. Building, or failing to remove, physical barriers to access is a violation of Unruh. A failure to modify policies, practices and procedures to assist Plaintiffs and/or others similarly situated in enjoying and utilizing Defendants' services, facilities, or accommodations is a separate violation.

45. Each violation of the Americans with Disabilities Act of 1990 also constitutes a violation of section 51(f) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law. Plaintiffs allege that he has been

denied such full and equal access as required by California law which incorporates Title III of the ADA.

46. These violations of Plaintiffs' rights as alleged have resulted in the denial to Plaintiffs of full and equal access to the subject property and the goods and services offered there and have caused Plaintiffs to suffer the damages and harms set forth and alleged in this Complaint.

47. The barriers to access complained of herein as well as the failures to adopt and modify policies and procedures are patent barriers to people with mobility disabilities and are of an obvious and intuitive nature and demonstrate an intent to deny Plaintiffs' rights. Defendants, and each of them, are familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by the ADA and State law. Defendants intentionally allowed the barriers complained of herein to remain at the subject property and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated. Plaintiffs' damages result from Defendants' intentional acts and omissions.

WHEREFORE, Plaintiffs pray for damages and relief as hereinafter stated.

## PRAYER FOR RELIEF

A. For injunctive relief pursuant to 42 U.S.C. section 12188 and section 52 of the California Civil Code: Plaintiffs request that this Court enjoin Defendants from continuing to do business at the subject property prior to removing all architectural and policy barriers and otherwise complying with the ADA and California laws or in the alternative, that this Court issue a mandatory injunction requiring Defendants to immediately make the subject property fully accessible to people with disabilities, including barrier removal, implementation of policies, and employee training, all in compliance with the standards set forth in the ADAAG, ADAS and the CBC. Plaintiffs do not request any injunctive relief pursuant to section 55 of the California Civil Code or section 19953 of the California Health & Safety Code;

B. For general and special damages pursuant to California Civil Code sections 52,

1  54.3, 3281 and 3333, and/or under common law;

2        C.      For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to California Civil Code section 52 for each and every violation of California Civil Code section 51;

      D.      In the alternative to the damages pursuant to California Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages pursuant to California Civil Code section 54.3 for each and every violation of California Civil Code section 54.1 and/or California Civil Code section 54;

      E.      For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil Code §52, California Civil Code §54.3, and California Code of Civil Procedure §1021.5; and

      F.      For such other further relief as the Court deems proper.

Date: April 21, 2020                      DERBY, McGUINNESS & GOLDSMITH, LLP

                                                                         /s/Celia McGuinness
                                                                     By CELIA McGUINNESS, Esq.
                                                                     Attorneys for Plaintiff
                                                                     ERIC KUNKEL

**DEMAND FOR JURY**

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Date: April 21, 2020                      DERBY, McGUINNESS & GOLDSMITH, LLP

                                                                        /s/Celia McGuinness
                                                                   By CELIA McGUINNESS, Esq.
                                                                   Attorneys for Plaintiff
                                                                   ERIC KUNKEL